**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN C. BERKERY SR.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 2:15-cv-1085** |
| **v.** | : | |
| | : | |
| **VERIZON COMMUNICATIONS, INC.,** | : | |
| **et. al,** | : | |
| **Defendants.** | : | |

**MCHUGH, J.**                                                                 **OCTOBER 29, 2015**

**MEMORANDUM**

Plaintiff, John C. Berkery, Sr., filed this action against Defendants Verizon Communications, Inc. and Cellco Partnership (collectively "Verizon"), alleging that Verizon fraudulently computed his telephone bills.  Specifically, Berkery alleges that Verizon improperly charged him for In-Network calls and regularly miscalculated his monthly usage.  Berkery brings claims under the Federal Communications Act, 47 U.S.C. § 201 ("FCA"), the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), as well as state law claims for breach of contract and fraud.

Defendants have moved to dismiss Plaintiff's Complaint, arguing that Berkery's claims are each legally deficient and/or that the applicable statutes of limitations have lapsed.  Because I agree with Defendants that the applicable statutes of limitations have run on the majority of Plaintiff's claims, and the two remaining claims fail to assert plausible claims for relief, Defendants' Motion to Dismiss will be granted in full.[1]

---

[1] "While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows

## I.      Factual Allegations in Berkery's Complaint

Berkery alleges that he contracted with Verizon for mobile phone service from December 2008 through August 2009.  He claims that his service contract allowed for unlimited In-Network calls between Verizon customers at no charge, which did not count against his monthly minute allotment.  Berkery further pleads that his contract rate for calls *above* the monthly minute allowance was $0.25 per minute.

After noticing abnormally high bills for several months and closely monitoring his usage, Berkery came to the conclusion that his bills were being fraudulently computed and needed to be re-calculated.  Specifically, Berkery avers that Defendants claimed he owed them over $1200 when his "base bill was supposed to be under $100 per month."  Compl. at ¶ 23.  He believed he was being improperly charged for In-Network calls that were supposed to be free according to the terms of his contract, and his Verizon bills erroneously counted those same In-Network calls towards his monthly minute allotment.  Berkery complained to Verizon regarding his concerns, and requested that his bills be recalculated.  Verizon allegedly refused.  As a result, Berkery canceled his service contract with Verizon.[2]

In 2014, Berkery received a mailing indicating *that he might* be a member of the *Demmick* class action against Verizon pending in the District of New Jersey (case number 06-2163).  He allegedly followed the instructions on the mailing but ultimately opted-out of the class action.  Importantly, the *Demmick* class only consisted of Verizon customers who had a Family SharePlan between May 2002 and May 2006.  Berkery's claims, if any, arose in 2008

---

noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

[2] Plaintiff alleges that his phone services ended in August of 2009, while Defendants' records show that he canceled his service in December of 2009.  In viewing all facts in the light most favorable to Plaintiff, I will calculate each limitations period based on the later date (December 2009).

and 2009.  In February 2015, Berkery initiated this independent suit against Verizon for claims relating to his Verizon In-Network Plan.

## II.     Discussion

Pursuant to Fed. R. Civ. P. 12(b)(6), Verizon has moved to dismiss Plaintiff's Complaint. In analyzing a Motion to Dismiss, all facts must be considered in the light most favorable to the nonmoving party, and there must be "a plausible entitlement" for relief.  *Bell Atl. v. Twombly*, 550 U.S. 544, 546 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).  I must liberally construe the pleadings in this case, as "*pro se* litigants are held to a lesser pleading standard than other parties," even in the formal litigation context.  *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402, (2008) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

### A.   *Counts One, Two, Three, and Four of Plaintiff's Complaint are Time-Barred*

Counts One through Four of Plaintiff's Complaint are time-barred pursuant to the applicable statutes of limitations.

Count One arises under the FCA and alleges that Defendants failed to adequately disclose billing practices in violation of the statute.  The relevant statute of limitations is two years from the date that the cause of action accrued.  47 U.S.C. § 415(a) and (b).  Here, viewing all allegations in the light most favorable to Berkery and interpreting the pleadings liberally, Berkery's FCA claim accrued in December of 2009, the latest date that Berkery may have canceled his service with Verizon due to dissatisfaction with his bills.[3]  Consequently, Berkery's FCA claim expired in December of 2011, well before he brought suit on February 18, 2015.

Count Two, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, mirrors the allegations in Count One.  The only distinction between the two counts is the relief requested, as Plaintiff requests a judicial declaration to ascertain the parties' "respective rights

---

[3] *See supra* note 2.

and duties with respect to Defendants' billing practices" under Count Two.  As Berkery's

underlying FCA claim is barred by the statute of limitations, his request for a declaratory

judgment is also barred because it is predicated upon the same cause of action.  *Algrant v.*

*Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 184–85 (3d Cir. 1997) ("when plaintiffs'

claims are barred by a statute of limitations applicable to a concurrent legal remedy, then a court

will withhold declaratory judgment relief in an independent suit essentially predicated upon the

same cause of action.  Otherwise, the statute of limitations can be circumvented merely by

'[d]raping their claim in the raiment of the Declaratory Judgment Act.' ") (internal citation

omitted).  Accordingly, since the underlying FCA claim has a two-year statute of limitations,

which expired in December 2011, Berkery's declaratory judgment claim is time-barred as well.

Count Three is a common law breach of contract claim, which has a four-year statute of

limitations under Pennsylvania law.  42 Pa. C.S. § 5525(a)(1).  The latest date that Berkery's

contract claim accrued is December 2009.  Therefore, Count Three has been time-barred since

December of 2013.

Count Four advances a claim for common law fraud.  Pennsylvania has a two-year statute

of limitations for fraud.  42 Pa. C. S. § 5524(7).  Assuming that Berkery discovered Verizon's

alleged fraudulent activity in December 2009, at the latest, this claim expired in 2011.

B.  *Plaintiff is Not Entitled to Equitable Tolling*

Berkery argues that even if the statutes of limitations have lapsed, he is entitled to

equitable tolling as a member of the putative class in *Demmick et al. v. Cellco Partnership d/b/a*

*Verizon Wireless*, Case No. 06-2163 (D.N.J.).

Under *Am. Pipe and Constr. Co. v. Utah*, equitable tolling is available to putative class

members who move to intervene or file an independent action following denial of class

certification.  414 U.S. 538, 554–55 (1974).  Although the mailing Berkery received regarding the *Demmick* class seemed to suggest that he was a class member, only customers with Family SharePlans between May 2002 and May 2006 qualify as class members.  *See* Defendants' Reply Brief at Exhibits A and B.  Berkery was not a Verizon customer for purposes of this action until August of 2008.  Moreover, he contracted with Verizon for the In-Network Plan—not a Family SharePlan.  As aptly explained by Defendants, "If Berkery had an unrelated Family SharePlan between 2002 and 2006, he may have been a member of the *Demmick* class.  But, it is clear that Berkery's claims at issue in the case at hand arise out of his service with Verizon Wireless from 2008 to 2009, and thus have nothing to do with *Demmick.*"  Defendants' Reply Brief at 3.

While I empathize with the confusion of the class action communication, Berkery was not an eligible member of the *Demmick* class, at least not based on his current allegations.  Therefore, Berkery is not entitled to equitable tolling in this action, and his first four claims remain time-barred for failure to bring suit within the time allotted by the applicable statutes of limitations.

### C.  The Complaint's Remaining Counts Fail to State Plausible Claims for Relief

Berkery's Pennsylvania UTPCPL claim (Count Five) is precluded by the economic loss doctrine.  "The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.' "  *Werwinski v. Ford Motor Co.*, 286 F. 3d 661, 671 (3d Cir. 2002) (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 618 (3d Cir.1995)).  Berkery's UTPCPL claim is rooted in the same underlying allegations that form the basis of his contract claim, as Count Three and Count Five both stem from Defendants' alleged failure to comply with the terms of the parties' service contract.  *Compare* Compl. at Count Five (Violation of UTPCPL), ¶ 49 ("The conduct of Defendants in

representing that Plaintiff would have unlimited 'In-Network' calling and then instead charging for 'In-Network' calls . . . constitutes an unconscionable commercial practice . . .") *with* Compl. at Count Three (Breach of Contract), ¶ 38 ("Defendants Verizon breached their contractual obligations under the wireless telephone service agreements with Plaintiff by engaging in the improper billing practices alleged herein and/or by failing to fully and adequately disclose such billing practices to their customers").  Accordingly, Berkery's UTPCPL claim flows solely from his service contract and is therefore barred by the economic loss doctrine.

Berkery's FCRA claims under Count Six suffer from procedural and substantive deficiencies.  A private cause of action does not exist under 15 U.S.C. § 1681n (Compl. at ¶ 55) and § 1681o (Compl. at ¶ 56).  *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (explaining that *only* the government has a cause of action under 15 U.S.C. §§ 1681n & o).  15 U.S.C. § 1681s-2(b)(1), however, does provide for a private cause of action for failure to investigate credit-reporting discrepancies.  Under § 1681s-2(b)(1), (1) the consumer must inform the credit agency that (s)he disputes the information; (2) the credit agency must then notify the furnisher (Verizon) of the dispute; and (3) the furnisher must conduct a reasonable investigation with respect to the disputed information.  *See SimmsParris*, 652 F.3d at 359 ("It is only when the furnisher fails to undertake a reasonable investigation following [notice by the credit reporting agency] that it may become liable to a private litigant under § 1681s–2(b)."); *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008) ("A furnisher of information is under no duty to conduct an investigation regarding a disputed entry on a consumer's credit report pursuant to § 1681s–2(b) until the furnisher receives notice of the dispute from a consumer reporting agency.").

Significantly here, to advance a plausible 15 U.S.C. § 1681s-2(b)(1) failure to investigate claim against Verizon, notice of the dispute must have been given "by a credit reporting agency, and cannot [have] come directly from the consumer." *SimmsParris*, 652 F.3d at 358. If only the consumer provides notice of the dispute, the duty to investigate is not triggered, and thus no § 1681s liability can attach. *Id.* at 359 ("a consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate.").

In his Complaint, Berkery only pleads that *he* informed *the credit reporting agencies* that he disputed his credit information related to his former contract with Verizon. Compl. at ¶ 58 ("Plaintiff disputed Verizon's false charges to Trans Union, Equifax, and Experian, and demanded they do a re-investigation in conformance to the FCRA. . . . Said Defendant credit reporting agencies never complied with, and hence violated, the FCRA."). Berkery fails to allege that a credit reporting agency notified *Verizon*, as the furnisher of information here, of the dispute, and Verizon subsequently failed to undertake a reasonable and timely investigation. Therefore, Berkery's FCRA claim does not state a plausible claim for relief as currently pleaded. Count Six will accordingly be dismissed without prejudice, as an amendment may be able to cure the identified pleading deficiencies. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile").

**D. Conclusion**

For the foregoing reasons, Verizon's Motion to Dismiss is granted on all counts.  An appropriate Order follows.

_____/s/ Gerald Austin McHugh
United States District Court Judge
